UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN K STIEBEL, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-2332 |
| | § | |
| MS. HARRIS, *et al*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM AND ORDER**

Justin K. Stiebel is an inmate in the Texas Department of Criminal Justice ("TDCJ"). He filed a complaint under 42 U.S.C. § 1983 alleging violations of his rights by three TDCJ employees.

Section 1915A of title 42 of the United States Code requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint presents no cognizable claims, the court must dismiss the complaint.

Stiebel's complaint contains no factual allegations. Rather, it consists of a caption and a section titled "Introduction." The Introduction alleges that Stiebel has been exposed to tuberculosis, and contracted "latent" tuberculosis. He names three supervisory employees of TDCJ: a Ms. Harris, who Stiebel identifies as "over nurses;" a Ms. Patel, identified as "over Administration;" and Warden Kroll, who, presumably, is the Warden of the unit where plaintiff is confined.

Stiebel asserts no facts as to how he was allegedly exposed to tuberculosis, and no facts demonstrating any involvement by any of the defendants in the alleged exposure. The caption on the complaint does, however, state that he is suing the defendants "*respondeat superior*."

To prevail on his claim, Stiebel must demonstrate that each defendant was personally involved in the alleged constitutional violation, or that the defendant committed wrongful acts that were causally connected to a constitutional deprivation. *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012). Moreover, it is well established that supervisory officials cannot be held vicariously liable under 42 U.S.C. § 1983 for acts of their subordinates on a theory of *respondeat superior*. *Monell v. Dept't of Soc. Servs.*, 436 U.S. 658, 692 (1978).

Because Stiebel's complaint alleges no personal involvement in any wrongdoing by any defendant, and because it asserts claims against the defendants solely under a theory of *respondeat superior*, Stiebel fails to state a cognizable claim.

Accordingly, it is ORDERED that the complaint (Dkt. No. 1) is DISMISSED. It is FURTHER ORDERED that plaintiff's motion for appointment of counsel (Dkt. No. 2) is DENIED AS MOOT.

SIGNED on this 24th day of August, 2015.

Kenneth M. Hoyt
United States District Judge